UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBIN SCHULDER,

            Plaintiff,

-against-

PATRICK HOOKER as Commissioner of the
New York State Department of Agriculture &
Markets, et al.,

           Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
08-CV-3052 (ENV)

Filed Nov. 10, 2008

VITALIANO, United States District Judge:

*Pro se* plaintiff Robin Schulder, having paid the filing fee, commenced this action on July 25, 2008. In her complaint, plaintiff alleges that the New York Department of Agriculture and Markets (the "Department") intends to deny her application for renewal of a pet business license and has already fined her based on animus towards her. The complaint seeks a preliminary injunction against the Department, as well as costs.

Plaintiff now proceeds by order to show cause requesting a temporary restraining order ("TRO") against the defendants to enjoin the Department from conducting a hearing on her application for renewal that is, apparently, scheduled on November 13, 2008.

A TRO cannot be granted absent a demonstration by plaintiff of (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief. See 1-800 Contacts, Inc. v. WhenU.com, Inc., 414 F.3d 400, 406 (2d Cir. 2005). Assuming jurisdiction, plaintiff does not advance beyond the first prong of the test for she is unable to demonstrate irreparable harm.

Viewed in the light most favorable to plaintiff, there is no showing of irreparable harm because, even if the Department were to deny Schulder's renewal application and do so wrongfully, not only would she have a right to appeal in state court, but there is also absolutely no showing that she could not be made whole by monetary damages for any loss of business suffered. Such an award could even be made in the context of this proceeding should the Court have jurisdiction at all. Irreparable harm requires that the party seeking injunctive relief is faced with an "injury for which a monetary award cannot be adequate compensation." Jayaraj v. Scappini, 66 F.3d 36, 38 (2d Cir. 1995). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974). Here, at a minimum, given that plaintiff can be fully compensated through the ordinary course of a litigation, there is no basis to conclude that she will be irreparably harmed and none has otherwise been shown by plaintiff in her papers. Without such a showing, the TRO must be denied.

SO ORDERED.

s/ Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
November 7, 2008